Argued and submitted February 12, 2019, affirmed January 2, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RONALD GENE CHILCOTE,
*Defendant-Appellant.*

Marion County Circuit Court
14C44422, 16CR00251, 14C40062;
A164695 (Control), A164696, A164465

457 P3d 343

Rafael A. Caso, Judge pro tempore.

Eric Johansen, Deputy Public Defender, argued the cause for appellant. Also on the opening and reply brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services. Ronald Gene Chilcote filed the supplemental brief *pro se*.

Adam Holbrook, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeHoog, Presiding Judge, and Egan, Chief Judge, and Aoyagi, Judge.*

PER CURIAM

Affirmed.

_____

* Egan, C. J., *vice* Hadlock, J. pro tempore.

## PER CURIAM

Defendant was charged with a total of nine counts of theft, burglary, unauthorized use of a vehicle, fleeing or attempting to elude a police officer, and reckless endangerment. He was convicted of all charges after a bench trial. On appeal of the resulting judgment, defendant raises 19 assignments of error, some of which are also addressed in a *pro se* supplemental brief.

In his first assignment of error, defendant challenges the trial court's grant of the state's motion to consolidate three separate charging instruments for trial. It was apparent at oral argument—which was devoted almost entirely to this assignment of error—that the bench and bar would benefit from clarification of the "same or similar character" basis for joinder or consolidation under ORS 132.560(1)(b)(A). Having recently addressed that issue in *State v. Garrett*, 300 Or App 671, 455 P3d 979 (2019), and *State v. Gialloreto*, 301 Or App 585, 457 P3d 1105 (2019), however, we no longer see a need to write on it in this case. We therefore reject defendant's first assignment of error without written discussion.

In his seventh assignment of error, defendant argues that the trial court erred in denying his motion for judgment of acquittal on the charge of reckless endangerment, ORS 163.195. Defendant was charged with reckless endangerment for allegedly "unlawfully and recklessly creat[ing] a substantial risk of serious physical injury to Sgt. Anthony Moore." At trial, the state put on evidence that defendant took a tow truck without the owner's permission and, after being surrounded by law enforcement officers, drove the truck toward Moore while trying to escape. Moore, believing that he could not get out of the way safely, shot twice at defendant. The state put on fairly extensive evidence relevant to the reckless endangerment count, including testimony by Moore, testimony by other officers at the scene, and multiple exhibits. Upon consideration, we conclude that the evidence was sufficient for the charge to go to the jury and, accordingly, reject defendant's seventh assignment of error. *See State v. Hedgpeth*, 365 Or 724, 730, 452 P3d 948 (2019) ("[O]ur standard for reviewing the denial of a motion

for judgment of acquittal involves viewing the evidence in the light most favorable to the state to determine if the state presented sufficient evidence from which a rational trier of fact, making reasonable inferences, could find the essential elements of the crime beyond a reasonable doubt." (Internal quotation marks omitted.)).

We reject defendant's remaining assignments of error without written discussion.

Affirmed.